UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff/Respondent,<br>v.<br>DARRYL WALIZER,<br>Defendant/Movant. | Case No. 2:10-cr-00124-KJD<br>Case No. 2:16-cv-00897-KJD<br><br>**ORDER** |

Before the Court is Darryl Walizer's Motion to Vacate under 28 U.S.C § 2255 (#188). The United States filed a response (#198) to which Walizer replied (#217). Also, before the Court are Walizer's Motions for Extension of Time (##207, 211). Because Walizer has demonstrated good cause, the Motions to Extend Time are granted.

**I.    Background**

   A. Facts

On February 17, 2011, a jury convicted Walizer of the offense of Coercion and Enticement. ECF No. 89. In March 2010, Walizer engaged in sexually explicit conversation with undercover law enforcement officers who identified themselves as Aleciagerl14 ("Alecia"). See, e.g. ECF No. 101 at 31, 55. Walizer and "Alecia" arranged for "Alecia" to fly from Texas to Las Vegas on March 12, 2010. ECF No. 103 at 192-194. On that day, law enforcement officers identified Walizer as he waited in the baggage claim area around the time "Alecia's" flight was supposed to land. Id. at 199-202. Officers arrested Walizer. Id. After he waived his Miranda rights, Special Agent Yates questioned Walizer. Id. at 206. Yates asked Walizer what he was doing at the airport and Walizer told Yates, "I make no excuses," and went on to say that he believed "Alecia" was a 14-year-old girl. Id. at 206-07. When Yates asked why he was at the airport, Walizer replied that he "wanted to make sure it was a girl and not the cops." Id.

This is not Walizer's first conviction for a sexual offense against a minor. On April 2, 2004, a court convicted Walizer of the felony offense of Importuning in Wayne County, Ohio. ECF No. 53 at 2. He solicited sex from a person he believed was a 14-year-old female in a Yahoo chat room. Id. When he arrived at a prearranged site to meet the girl, law enforcement stopped him, and he admitted that he was there to meet a 14-year-old. Id. He had condoms and other sex paraphernalia with him. Id.

On June 3, 2005, a court convicted Walizer of the felony offense of Solicitation of a Juvenile to Commit a Felony in Bedford County, Virginia. Id. Again, Walizer met a minor female in a Yahoo chat room. Id. He drove from Maryland to Virginia and engaged in sexual intercourse with the girl. Id. In the presence of law enforcement, Walizer later admitted to engaging in sexual intercourse with her. Id.

Prior to trial in this case, the government argued that Walizer's prior convictions should be admitted into evidence. ECF No. 53. However, the Court decided that the government would need to exclude the prior convictions from its case-in-chief, but that the convictions could potentially become relevant based on the defenses Walizer raised. ECF No. 77 at 9-10; ECF No. 100 at 11. Walizer's prior convictions could have become relevant if Walizer presented an entrapment defense. At trial, he did not present any defense that would allow the government to introduce evidence of his prior convictions. ECF No. 103 at 111-13.

Similarly, the parties argued extensively about whether defense expert, Wayne Marney, would be permitted to testify at trial about Walizer's alleged attempts to ascertain "Alecia's" identity during his online communications with her. ECF No. 54 at 2. Marney conducted a forensic analysis of the computer Walizer used to communicate with "Alecia." See ECF No. 77 at 13-14. Marney would have testified that Walizer attempted to ascertain the identities of the girls he chatted with by looking their addresses up on the web, including "Alecia's." ECF No. 54 at 2. Walizer claimed that he looked up "Alecia's" phone number and learned that no children lived at the address matching the phone number. ECF No. 189-1 at 9, 32. The government argued that Walizer's efforts to learn "Alecia's" age were irrelevant. ECF No. 54 at 2. At a hearing on the matter, the Court indicated that it would rule on the issue after the government's

case-in-chief. ECF No. 77 at 18-19. However, before trial began, the parties agreed the defense would call ICE Agent Gorden Kwan to testify as to the forensic evidence found in Walizer's computer. ECF No. 78. According to Walizer, Agent Kwan had the ability to testify about Walizer's attempts to ascertain "Alecia's" identity. ECF No. 189-1 at 32.[1]

## B. Procedural History

On March 16, 2010, a federal grand jury returned a two-count indictment charging Walizer with Coercion and Enticement (Count I) and Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender (Count II). ECF No 1. On February 17, 2011, a jury convicted Walizer of the offense charged in Count I. ECF No. 89. At sentencing, the Court found Walizer in violation of 18 U.S.C. § 2260A (Count II), which requires a court to impose a ten-year consecutive sentence on any person who, while required to register as a sex offender, commits one of several enumerated crimes against a minor. ECF No. 122. On November 14, 2012, the Ninth Circuit affirmed Walizer's conviction as to Count I and vacated and remanded as to Count II because the Court usurped the jury's role in determining whether he violated 18 U.S.C. § 2260A. ECF No. 107. On remand, Walizer waived his right of trial by jury as to Count II. ECF No. 122. Count II of the Indictment alleged that on March 12, 2010, the date of his arrest for the offense of Coercion and Enticement charged in Count I, Walizer had a prior conviction for Solicitation of a Juvenile to Commit a Felony in the state of Virginia, and a prior conviction for Importuning in the state of Ohio. Id. On November 25, 2013, the Court found Walizer to be guilty of violating U.S.C. § 2260A (Count II). Id.

On April 19, 2016, Walizer filed a § 2255 claim, to have his judgment vacated. ECF No. 188. Walizer claims that the Court violated his Fifth and Sixth Amendment rights because he was not afforded due process and did not receive a fair trial due to ineffective assistance of counsel. Id. at 4, 7-8. He claims that his attorneys were ineffective because they failed to properly engage in the adversarial process. Id. at 4-5, 7. Finally, Walizer claims that because his trial counsel did not follow through on effectively advocating for him, his appellate counsel

---

[1] When the Court refers to this document, the page numbers correspond with the ECF page numbers (out of 56 total pages), not the page numbers typed onto the scanned document.

- 3 -

likewise failed. Id. at 8.

## II. Legal Standard

28 U.S.C. § 2255 allows a defendant in federal custody to challenge a conviction that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

Because a § 2255 petitioner has already pursued a direct appeal, the Court need not order an evidentiary hearing for every motion to vacate. The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982). However, if the petition is based upon conduct that happened outside the courtroom or off the record, the Court must hold an evidentiary hearing. Burrows, 872 F.2d at 917.

## III. Analysis

The Court's analysis will proceed in two stages. First, the Court must determine whether Walizer has stated a plausible claim for relief. If he has, the Court may order an evidentiary hearing to determine whether Walizer indeed suffered a constitutional deprivation that warrants vacating his original sentence. If Walizer has not stated a plausible claim under § 2255, the Court will dismiss his petition and move to the second stage of the analysis: whether to grant a certificate of appealability.

As an initial matter, the Court finds that the record in this case is sufficiently developed to decide Walizer's motion without holding an evidentiary hearing. Walizer's petition is based entirely upon conduct that happened within the courtroom and on the record. See id. Therefore,

the Court denies Walizer's Motion for an Evidentiary Hearing (#213).

In all four counts of his § 2255 claim, Walizer claims that his counsel acted deficiently in a variety of ways. ECF No. 188. A convicted defendant's claim that his counsel's assistance was so defective as to require a conviction to be vacated requires two components: the defendant must show that his counsel performed deficiently, and that prejudice resulted from the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland standard requires the defendant to show that his counsel committed such egregious errors that counsel did not function as the "counsel" guaranteed by the Sixth Amendment, and that the defendant did not have a fair trial as a result. Id. Further, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the trial would have been different." Id. at 694. Reasonable probability means "a probability sufficient to undermine confidence in the outcome" of the trial. Id. Here, Walizer must demonstrate that an entrapment defense would have reasonably led to a different outcome at trial. See Belmontes v. Brown, 414 F.3d 1094, 1121 (9th Cir. 2005), rev'd on other grounds by Ayers v. Belmontes, 549 U.S. 7 (2006). Likewise, he must demonstrate a reasonable probability that, if Marney testified instead of Kwan, this change would have led to a different outcome at trial. See id. Lastly, he must show that, had the appellate counsel acted differently, he would have experienced a different outcome. The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error. Id.

      A. Entrapment Defense

Walizer claims that his trial counsel (three public defenders) performed deficiently by declining to present an entrapment defense. ECF No. 189-1 at 19. He further asserts that, had the jury been instructed on the entrapment defense, it would have acquitted him. Id. at 25. To prove an entrapment defense, a defendant must show that (i) a government agent induced the defendant to commit the crime, and (ii) he was not previously disposed to commit that crime. United States v. Thomas, 134 F.3d 975, 978 (1998). The Court applies a "heavy amount of deference" to Walizer's defense counsel's judgment in assessing the counsel's effectiveness. See Strickland, 466 U.S. at 691. The Ninth Circuit further explains that a "reasonable tactical choice based on an

adequate inquiry is immune from attack under Strickland." Gerlaugh v. Steward, 129 F.3d 1027, 1033 (9th Cir. 1997). If Walizer's trial counsel asserted the entrapment defense, the government likely would have proven Walizer's previous disposition by revealing his prior convictions of (1) meeting with an underage girl and having sex with her and (2) attempting to do so on another occasion. ECF No. 198 at 8. If the government had the opportunity to present this evidence, it would have defeated the second prong of the entrapment defense. See Thomas, 134 F.3d at 978. Walizer's defense counsel likely knew that such evidence would have been detrimental to Walizer's case, so they made the choice to assert other defenses instead. Because the government would have defeated Walizer's entrapment defense by showing evidence of his prior convictions, the Court is not compelled by Walizer's belief that he would have been acquitted if his counsel had raised that defense. Therefore, the Court dismisses his Sixth Amendment claim of ineffective counsel for failure to raise an entrapment defense.

### B. Expert Testimony

Walizer asserts that he suffered prejudice when his trial counsel failed to call Marney as a defense expert witness and instead called Kwan. ECF No. 189-1 at 28. He raises a series of arguments to show why Marney should have presented forensic evidence, rather than Kwan. Id. at 19-30. Walizer's principal argument is that Marney would have presented forensic evidence to show that Walizer attempted to verify "Alecia's" age. See, e.g., id. at 9. For example, after the first time Walizer spoke with "Alecia" on the phone, he claims that he searched her phone number online and discovered that four to six adults lived at the Garland, Texas residence (i.e. no children) to which the phone number belonged. Id. Nevertheless, Walizer fails to explain how this information would adequately show that he had ascertained "Alecia's" age. After all, Walizer could not have determined where a minor resided solely based on public records he found on the internet.

Walizer's trial counsel also argued that Marney would have testified that Walizer chatted with many females who were not minors, and that he had no child pornography on his computer. ECF No. 54. His counsel believed this evidence would have demonstrated that Walizer did not possess the requisite mens rea to commit the crime charged. ECF No. 77. However, the Court

likely would not have allowed Marney to testify about such evidence because it would have been deemed irrelevant to the crimes charged. See ECF No. 54 at 2; see also ECF No. 100 at 25-27. Therefore, Walizer's counsel made a tactical decision to call Kwan as an expert witness to testify to the forensic evidence found in the computer, so the defense could have *some* witness to testify in Walizer's defense.

Walizer asserts that his trial counsel performed deficiently by calling Kwan instead of Marney. ECF No. 189-1 at 24. Marney would have testified that, among other things outlined above, Walizer attempted to ascertain the identities of the individuals with whom he communicated online (e.g. by looking up their addresses). ECF No. 54 at 2. However, Walizer claims that Kwan also uncovered browser history that established Walizer's initial suspicions that "Alecia" and her mother did not live at the house matching the address she gave him, but that four to six adults lived there. ECF No. 189-1 at 9, 32. This undermines Walizer's claim that his trial counsel performed deficiently by failing to call Marney as an expert witness. Because Kwan conducted a forensic analysis of the computer and had access to Walizer's efforts to uncover "Alecia's" age, Walizer did not need another expert to present similar testimony. Therefore, Walizer's trial counsel did not perform deficiently when they chose to call Kwan as an expert witness instead of Marney. See Strickland, 466 U.S. at 694. Walizer argued that he did not actually believe "Alecia" was a minor. ECF No. 189-1 at 8. Nevertheless, the members of the jury rejected that argument, and they returned a guilty verdict for Walizer. ECF No. 89. Accordingly, the Court dismisses Walizer's due process and ineffective counsel claims for counsel's alleged failure to call a different expert witness.

### C. Appellate Counsel

Walizer claims that appellate counsel performed deficiently because trial counsel failed to address the issues outlined in his § 2255 motion. ECF No. 188 at 8. Because Walizer's claims concerning trial counsel are without merit, his claim concerning deficient appellate counsel also fails. Therefore, the Court will not consider this claim any further.

**IV.  Certificate of Appealability**

Finally, the Court must decide whether to grant Walizer a certificate of appealability. A certificate of appealability permits a § 2255 petitioner to pursue a direct appeal from a district court's final order denying the petition. It is only available where the petitioner has made a "substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2); United States v. Welch, 136 S. Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional deprivation when reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 529 U.S. 473, 484 (2000). This is not the case here. Walizer's argument for different expert testimony lacks merit. Kwan, who did testify, had access to the same potentially exculpatory evidence that Marney possessed, and the jury rejected it. Likewise, Walizer's argument that his trial counsel did not present the entrapment defense, which likely would have been more prejudicial to him, also lacks luster. Therefore, Walizer has not made the substantial showing necessary to warrant a certificate of appealability.

**V.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Walizer's Motion to Vacate under 28 U.S.C. § 2255 (#188) is **DENIED**;

IT IS FURTHER ORDERED that Walizer's Motions to Extend Time (##207, 211) are **GRANTED**;

IT IS FURTHER ORDERED that Walizer's Motion for Subpoena (#208) is **DENIED**;

IT IS FURTHER ORDERED that Walizer's Motion for an Evidentiary Hearing (#213) is **DENIED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED** as moot;

///
///
///
///
///

IT IS FURTHER ORDERED that the Court **DENIES** Walizer a certificate of appealability.

DATED this 15th day of August 2019.

_____
Kent J. Dawson
United States District Judge